IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL ERNEST LONG,

                Petitioner,

     v.                                  CASE NO. 17-3098-SAC

DOUG WADDINGTON, et al.,

                Respondents.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed by a prisoner in state custody. Petitioner proceeds pro se and submitted the filing fee. Because this action appears to challenge the decision of the Kansas Department of Corrections Prisoner Review Board to pass petitioner to May 2019, the Court liberally construes the petition as a filing under 28 U.S.C. § 2241[1].

**Background**

Petitioner was convicted in the District Court of Riley County, Kansas. *Long v. State*, 770 P.2d 497 (Table)(Kan.App. Feb. 17, 1989).

On April 6, 2017, the Prisoner Review Board entered an Action Notice passing him to May 2019 (Doc. #1, p. 15).

**Analysis**

Before petitioner may pursue federal habeas corpus, he must show that he has exhausted state court remedies. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991)(state prisoner must exhaust available state remedies) and *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies

---

[1] Petitioner must proceed under 28 U.S.C. § 2241 because he presents a challenge to the execution of his sentence, rather than the validity of his conviction. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

whether his action is brought under § 2241 or 2254.")

Here, it does not appear petitioner has sought relief under state court remedies. While he states that he filed a state court action under K.S.A. 60-1501 concerning an earlier denial of parole, he does not state that he sought relief in the state appellate courts, as he must in order to exhaust available remedies, nor does he allege that he presented a claim in the state district court concerning the most recent action of the Prisoner Review Board.

Because petitioner has not yet exhausted state court remedies, the Court must dismiss this matter without prejudice. Petitioner may refile his federal petition after he presents his claims to the state district court, the Kansas Court of Appeals, and the Kansas Supreme Court.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 14th day of June, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge